Dr. Moisés Ramírez, Mayor of Cabo Rojo, Appellant, *v.* James R. Beverley, Governor of Puerto Rico, Respondent.

No. 6043. Argued May 31, 1932.—Decided June 7, 1932.

*Leopoldo Tormes* for appellant. *Charles E. Winter, Attorney General,* and *F. Pérez Almiroty, Assistant Attorney General,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On May 3, 1932, Doctor Moisés Ramírez filed in this Court a verified petition entitled ''complaint on appeal'' in which he alleged, in short, that in 1928 he was elected Mayor of Cabo Rojo having taken possession of his office, which he held until the 28th of April last when he was notified of a decision which is copied in full in the complaint and which in its dispositive part reads as follows:

''Now, Therefore, I, James R. Beverley, Governor of Puerto Rico, in the exercise of the discretionary powers conferred upon me by section 11 of Act No. 53 of 1928, do hereby declare vacant the office of Mayor of the Municipality of Cabo Rojo.''

Dr. Ramírez further alleged that feeling aggrieved by said decision removing him from office, he appealed therefrom to this Court, on six grounds which he stated.

The writing concluded by praying that the same be accorded the procedure prescribed by section 29 of the Munici-

pal Law in force. It was so done, and a demand having been served upon the Governor on May 9, he forwarded the record of all the proceedings in the case on the 14th of the same month.

On May 26 the hearing was set for the 31st. Both parties appeared, and the appellee submitted a demurrer on the following grounds:

"1. That this Honorable Supreme Court has no jurisdiction to entertain this appeal.

"2. That the complaint does not state facts sufficient to constitute the cause of action exercised."

Counsel were heard on the demurrer, and as the latter raised a question which if decided in the manner proposed would dispose of the case, it was agreed not to proceed any further until said question should be determined, and the parties were given two days to file briefs.

Appellant himself admits that the decision of which he complains was rendered in accordance with section 11 of the Municipal Law in force, which textually reads as follows:

"Section 11. When in any municipality there may be continuous friction between the Assembly and the Mayor, to such extent that the credit of the municipality and the public affairs should suffer serious delay or prejudice, the Mayor or the Assembly may request the Governor to order an investigation which in such case shall be made by the office of the Auditor of Porto Rico.

"The Auditor of Porto Rico shall make a report which shall be submitted to a committee composed of three members of the Senate appointed by its President, one of whom shall represent the minorities. Said committee shall have authority to recommend to the Governor that he declare vacant the office of Mayor or the office of any number of members of the Assembly, and appoint substitute officers for the term and in the manner prescribed in this Act for the filling of vacancies in said offices. The committee shall adopt no resolution until after a hearing where all the parties interested may be heard and offer evidence as to the matters in question. The decision of the Governor may be reviewed by certiorari."

Appellant also admits that the appeal he has taken is based on section 29 of said Law, which in its pertinent part, also textually reads as follows:

"Section 29. . . . . . . . .

"The mayor may be removed for just cause by the municipal assembly, by resolution adopted by the majority of the total membership, after said mayor has been granted a hearing and an opportunity to defend himself, either in person or through attorneys. The municipal assembly, in order to hear and decide any accusation presented against the mayor, formulated by any member thereof, by the Governor of Porto Rico or by any citizen, may meet upon call of its president, on any date, of which the mayor shall be notified, furnishing him a copy of the charges five days in advance of the date for the hearing, and when there is a quorum for the consideration of the charges preferred against the mayor, the assembly may continue in session for such time as may be necessary to decide the case definitively; *Provided, however,* That if the Governor of Porto Rico should have knowledge of the existence of justified charges against a mayor and the municipal assembly shall not have taken any action in the consideration and decision of said charges, the Governor of Porto Rico may consider and decide them, granting the mayor the same rights previously granted him in the case where the municipal assembly heard the charges, and if the Governor of Porto Rico removes the mayor, he may appeal to the Supreme Court of Porto Rico in the manner hereinafter provided.

"When charges are preferred against the mayor, he may be suspended from office and his salary stopped, but if this is not done prior to the hearing of the case and the impeachment proceedings removing him shall be decided, then the mayor shall cease in his functions until the resolution adopted by the municipal assembly, or by the Governor of Porto Rico, as the case may be, shall be revoked by the Supreme Court of Porto Rico.

"Against the resolution adopted by the municipal assembly removing the mayor or refusing to remove him, as the case may be, the mayor, or the Governor of Porto Rico, in the proper case, may appeal to the Supreme Court of Porto Rico within a term of ten days after notifying the prejudiced party of the resolution appealed from. The mayor may likewise and in the same manner appeal to the Supreme Court in case it has been the Governor of Porto Rico who removed him.

"The appeal shall be prosecuted upon a bill filed with the Supreme Court, notice of which shall be served on the municipal assembly or the Governor of Porto Rico, as the case may be. Said bill shall be accompanied by a statement of the facts and of the law on which it is based. The Supreme Court of Porto Rico shall require the municipal assembly or the Governor of Porto Rico, as the case may be, to transmit within the five following days the record in the case, and the Court, with this record before it, shall consider the facts and the law involved in the proceedings, for which purpose it shall hold such hearing as it may deem advisable and shall decide such pleadings as may be formulated by the appellant or by the appellee. The Supreme Court shall hold the corresponding hearing within a term which shall not exceed twenty days after notice was served on the appellee, and it shall decide the case within a term of not more than thirty days after its submission."

This being so, no effort is necessary to reach the conclusion that the appeal taken is not the remedy that the law itself grants for the cases mentioned in its section 11.

The appellant maintains that said section 11 is unconstitutional in that it grants judicial and executive powers to the Legislature, citing the case of *Springer* v. *The Philippine Government,* 277 U. S. 189; and that, consistent with his position, he must refrain from invoking any of its provisions for his own benefit, as he would be doing were he to exercise the remedy by certiorari therein authorized.

Whether or not this is so, it would always result that the remedy which the appellant has sought to exercise, according to the express provisions of the statute, was granted for a special and distinct case, and therefore the appeal must be dismissed.